UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAYNO CRUMB,<br>CDCR #H-20376,<br><br>                           Plaintiff,<br><br>                vs.<br><br>MARK HASSELBLAD, Correctional Officer, DAVID STRAYHORN, Correctional Officer; J. RAMERO, Correctional Officer; R. OLSON, Correctional Counselor II Inmate Appeals,<br><br>                         Defendants. | Case No.: 3:16-cv-00581-BTM-NLS<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION TO DISMISS COMPLAINT AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [ECF No. 26]**<br><br>**2) DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT [ECF No. 16]; AND**<br><br>**3) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FOR COURT ORDER REGARDING U.S. MARSHAL SERVICE UPON DEFENDANT J. RAMERO<br>[ECF Nos. 21, 24]** |

      FRAYNO CRUMB ("Plaintiff"), is currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, and is proceeding in pro se in this civil action filed

pursuant to 42 U.S.C. § 1983. He claims Defendants Strayhorn, Hasselblad, and Ramero, all Correctional Officers at Richard J. Donovan Correctional Facility ("RJDCF"), used excessive force and refused medical treatment for his injuries while he was incarcerated there on January 27, 2015. Plaintiff further contends Defendant Olson thwarted his efforts to file an administrative complaint following the incident. (ECF No. 1 at 1-2, 10-11.)

**I.     Procedural Background**

On November 11, 2016, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP"), screened his Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and directed the U.S. Marshal to effect service upon the Defendants pursuant to 28 U.S.C. § 1915(d) and FED. R. CIV. P. 4(c)(3) (ECF No. 8). *See Puett v. Blandford*, 895 F.2d 630, 634 (9th Cir. 1990) ("An incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of summons and complaint"). The U.S. Marshal successfully executed service upon Defendants Hasselblad, Strayhorn, and Olson (ECF Nos. 11-13), but the summons was returned unexecuted as to Defendant J. Ramero on December 28, 2016 (ECF No. 10), with a note indicating that "per Litigation Coordinator, RJDCF has no employee by the name of J. Ramero." (ECF No. 10).

After requesting and being granted an extension of time in which to respond (ECF Nos. 14, 15), on March 14, 2017, Defendants Hasselblad, Strayhorn, and Olson filed a Motion to Dismiss portions of Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6) (ECF No. 16). Defendants served Plaintiff with a copy of their Motion via U.S. Mail on the same day (ECF No. 16-1 at 7).

After the Court set a briefing schedule (ECF No. 17), Plaintiff requested an extension of time in which to respond (ECF No. 19). On April 12, 2017, the Court granted Plaintiff's request (ECF No. 22), and on the same day, Plaintiff filed a "Motion to Petition the Court to Order the CDCR [California Department of Corrections and Rehabilitation] to Give Forwarding Address for Correctional Officer J. Ramero" so that the U.S. Marshal may re-attempt service (ECF No. 21).

///

Two days later, on April 14, 2017, Plaintiff filed a Motion for Leave to file an Amended Complaint (ECF No. 24 at 1-4), attached to which is his proposed First Amended Complaint ("FAC") (ECF No. 24 at 5-70). Both Plaintiff's Motion to Amend, as well as his proposed FAC, were signed by him on April 7, 2017. (*Id.* at 2, 25.) In a separate "Declaration of Service" (ECF No. 24 at 4), Plaintiff swears under penalty of perjury to have placed his Motion and Proposed FAC in the institutional mail at KVSP on April 9, 2017. (*Id.* at 3.) Then, on April 26, 2017, before the Court could rule on Plaintiff's Motion to File a First Amended Complaint, and in lieu of an Opposition to Defendants' Motion to Dismiss, he filed a "Motion to Dismiss" his own original Complaint, and requesting leave to file a Second Amended Complaint ("SAC") re-alleging his Eighth Amendment excessive force claims against Defendants Strayhorn and Hasselblad only (ECF No. 26).

## II. Plaintiff's Motions to Dismiss and For Leave to Amend

Pursuant to FED. R. CIV. P. 15(a), a party "may amend its pleading once as a matter of course … within 21 days after service of a motion under Rule 12(b)…" FED. R. CIV. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).

In this case, Plaintiff requires leave to amend because, even under the prison "mailbox rule," his Motion seeking leave to file a FAC was constructively filed on April 9, 2017—the date he placed it in the U.S. Mail at KVSP—and more than 21 days after March 14, 2017, when he was served with Defendants' Motion to Dismiss his original Complaint pursuant to FED. R. CIV. P. 12(b)(6). *See* ECF No. 24 at 3; ECF No. 16-1 at 7; *Houston v. Lack,* 487 U.S. 266, 270-72 (1988) (notice of appeal filed by a pro se prisoner is deemed to be "filed" when it is delivered to prison authorities for forwarding to the district court); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) ("*Houston* mailbox rule applies to § 1983 suits filed by pro se prisoners."). His most recent Motion seeking leave to file a SAC, was filed a week later—on April 16, 2017—the date he swears to have deposited it in the institutional mail at KVSP. *See* ECF No. 26 at 5.

///

3

3:16-cv-00581-BTM-NLS

However, Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires," and "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted); *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities," *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011), and this policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted).

When evaluating a motion to amend under Rule 15, the Court considers: (1) whether there has been undue delay, bad faith, or dilatory motive on the part of the moving party; (2) whether there have been repeated failures to cure deficiencies by previous amendments; (3) whether there has been undue prejudice to the opposing party "by virtue of the allowance of the amendment"; and (4) whether amendment would be futile. *Sharkey*, 778 F.3d at 774 (quoting *Foman*, 371 U.S. at 182). Prejudice is the "touchstone of the inquiry under rule 15(a)," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted), but "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis original).

Here, the Court finds no delay, bad faith or dilatory motive on Plaintiff's part. In fact, amendment would have been proper "as a matter of course" had he filed his Motion to file his FAC just a few days earlier. *See* FED. R. CIV. P. 15(a)(1)(a); *Sharkey*, 778 F.3d at 774. The Court further finds no named Defendant would be prejudiced at this stage of this proceedings by Plaintiff's amendment, for his Motion seeking leave to file a FAC sought to merely to "chang[e] [the] statement of jurisdiction," (ECF No. 24 at 1), and his proposed FAC (ECF No. 24 at 5-25) sought to simply re-allege and/or supplement his previously alleged causes of action against the same four RJDCF officials named in his original Complaint, one of whom has yet to be served. *Id.*; *see also DCD Programs LTD v. Leighton*, 833 F.2d 183, 187-88 (9th Cir. 2006) (finding amendment proper when discovery has not closed, no pending trial date had yet to be set, and case as a whole

4

3:16-cv-00581-BTM-NLS

remained in its early stages.). Moreover, in Plaintiff's latest Motion seeking leave to file a SAC, he concedes he cannot "cure" the pleading deficiencies in his original Complaint as to Defendants R. Olson and J. Ramero, and therefore, does not oppose Defendants' Motion to Dismiss and instead seeks to dismiss it himself—provided he is granted leave to file a SAC "alleging that Hasselblad and Strayhorn violated the Eighth Amendment by using excessive force against him on January 27, 2015, at Donovan prison." (ECF No. 26 at 2).

Based on this concession, the Court further finds that amendment as to Strayhorn and Hassleblad would not be futile—for it has already determined Plaintiff's excessive force allegations were pleaded sufficient to survive the sua sponte screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b), and the "low threshold" justifying U.S. Marshal service, *see* ECF No. 8 at 5; *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), and neither Strayhorn nor Hasselblad sought to dismiss Plaintiff's Eighth Amendment claims pursuant to FED. R. CIV. P. 12(b)(6). *See* ECF No. 16-1 at 3-6.

Thus, because all four *Foman* factors weigh in Plaintiff's favor, his Motion to Dismiss and/or for Leave to File a Second Amended Complaint, alleging Eighth Amendment excessive force claims against Defendants Strayhorn and Hasselblad *only* (ECF No. 26) is GRANTED.

Consequently, Plaintiff's Motions for Leave to file a FAC (ECF No. 24) and his Motion for a Court Order regarding U.S. Marshal Service as to Defendant J. Ramero (ECF No. 21) are DENIED as moot, as is Defendants' Motion to Dismiss Plaintiff's original Complaint (ECF No. 16-1). *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

### III. Conclusion and Order

Accordingly, the Court hereby:

1) **GRANTS** Plaintiff's Motion to Dismiss Complaint with leave to Amend pursuant to FED. R. CIV. P. 15(a)(2) (ECF No. 26);

2) **DISMISSES** Defendants R. Olson and J. Ramero as parties in this matter;

3) **DENIES** Plaintiff's Motions for Leave to File his proposed First Amended

Complaint (ECF No. 24), and for a Court Order to the CDCR Regarding U.S. Marshal Service upon Correctional Officer J. Ramero (ECF No. 21) as moot;

4) **DENIES** Defendants' Motion to Dismiss Plaintiff's original Complaint pursuant to FED. R. CIV. P. 12(b)(6) (ECF No. 16), and **VACATES** the hearing date previously set on July 7, 2017 as to that Motion (ECF No. 22) without prejudice as moot and in light of Plaintiff's anticipated amendment; and

5) **DIRECTS** Plaintiff to file a Second Amended Complaint, alleging Eighth Amendment excessive force claims arising on January 27, 2015, at RJDCF against Defendants D. Strayhorn and M. Hasselblad *only*, and to serve it upon their counsel of record, no later than **Monday, July 10, 2017**. Plaintiff is cautioned that his Second Amended Complaint must be complete by itself without reference to either his original or his proposed first amended pleading (ECF Nos. 1, 24). *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios*, 896 F.2d at 1546; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). If Plaintiff fails to file and serve his Second Amended Complaint by **July 10, 2017**, the Court will enter a final Order dismissing this civil action based on his failure to prosecute. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: May 22, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court