UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| FRAYNO CRUMB, CDCR #H-20376, Plaintiff, vs. MARK HASSELBLAD, Correctional Officer; DAVID STRAYHORN, Correctional Officer, Defendants. | Case No.: 3:16-cv-00581-BTM-NLS **ORDER DIRECTING DEFENDANTS HASSELBLAD AND STRAYHORN TO FILE A RESPONSE AS TO PLAINTIFF'S SECOND AMENDED COMPLAINT** **[ECF No. 31]** |
|---|---|

Frayno Crumb ("Plaintiff") is currently incarcerated at Richard J. Donovan Correctional Facility ("RJDCF"), and is proceeding pro se and in forma pauperis in this case filed pursuant to 42 U.S.C. § 1983.

On May 22, 2017, the Court granted Plaintiff leave to file a Second Amended Complaint ("SAC") "alleging Eighth Amendment excessive force claims arising on January 27, 2015, at RJDCF against Defendants D. Strayhorn and M. Hasselblad only, and to serve it upon their counsel of record, no later than Monday, July 10, 2017." (ECF No. 27 at 6.)[1]

---

[1] At the same time and in the same Order, the Court dismissed Defendants R. Olson and J. Ramero as parties to this case. (ECF No. 27 at 5.)

| | |
|---|---|
| 1 | On June 23, 2017, Plaintiff filed his SAC by mailing it to the Clerk of the Court |
| 2 | (ECF No. 31); but he did not attach a proof of service by mail upon Defendants' counsel |
| 3 | of record. *See* FED. R. CIV. P. 5(a)(1), (d). The Clerk of Court nevertheless issued |
| 4 | Defendant Strayhorn and Hasselblad's counsel a Notice of Electronic Filing ("NEF") as |
| 5 | to Plaintiff's SAC, on the same day—June 23, 2017. *See* S.D. CAL. CIVLR 5.4.c, d; ECF |
| 6 | No. 31 (https://ecf.casd.circ9.dcn/cgi-bin/DisplayReceipt.pl?114159199404839-L_1_0- |
| 7 | 1). |

Plaintiff's SAC contains the same excessive force allegations against Defendants Strayhorn and Hasselblad as his original Complaint, and the Court has already found them sufficient to state a plausible claim for relief under the Eighth Amendment. *See* ECF No. 8 at 5 (citing 28 U.S.C. § 1915(e)(2), § 1915A(b)(1); *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (noting that when prison officials stand accused of using excessive force, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.")).

While Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," 42 U.S.C. § 1997e(g)(2), once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants properly served with summons and the original complaint pursuant to FED. R. CIV. P. 4 are required to respond. *See* ECF Nos. 11, 12 (waivers of service returned executed on behalf of Defendants Hasselblad and Strayhorn by U.S. Marshal on January 31, 2017).

///
///
///
///

**Conclusion and Order**

Accordingly, Defendants Hasselblad and Strayhorn are hereby Ordered to file a response to Plaintiff's SAC (ECF No. 31), and to serve that response upon Plaintiff no later than **Friday, July 28, 2017**.[2]

**IT IS SO ORDERED**.

Dated: July 3, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court

---

[2] The Court notes, as it has previously, that it is still not "clear from the face" of Plaintiff's SAC whether he exhausted all available administrative remedies as to his excessive force claims pursuant to 42 U.S.C. § 1997e(a) before filing it. *See Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc); *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). In his SAC, which is verified under penalty of perjury, *see* ECF No. 31 at 20, Plaintiff states he has "previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged" in his SAC. (*Id.* at 6). But he also claims his attempts to file a CDC 602 staff complaint were "thwarted by I/M Appeals Coordinator R. Olson." *Id.*, Ex. D-E at 49-64; *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) ("[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'") (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)); *id.* at 1859-60 (noting unavailability where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."). Therefore, because exhaustion is an affirmative defense, Defendants Strayhorn and Hasselblad "will have to present probative evidence ... 'to plead and prove' ... that [Plaintiff] has failed to exhaust" all availalable administrative remedies pursuant to FED. R. CIV. P. 56, should they elect to defend on this basis. *Albino*, 747 F.3d at 1169 (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)).