UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAYNO CRUMB,<br><br>         Plaintiff,<br><br>v.<br><br>M. HASSELBLAD, et al.,<br><br>         Defendants. | Case No.: 16cv581-BTM (NLS)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 39]** |

Before the Court is plaintiff Frayno Crumb's ("Plaintiff") motion for appointment of counsel. ECF No. 39. Plaintiff is incarcerated at the R. J. Donovan State Prison. He is proceeding *pro se* and *in forma pauperis* and has filed a civil complaint pursuant to 42 U.S.C. § 1983. ECF No. 31.

Plaintiff asks this Court to appoint counsel because: (1) he has been housed in administrative segregation since July 21, 2017, and has been deprived of sufficient access to legal text books (he states that he is not computer literate) and legal aid by the law library clerk, as well as hindered in his ability to litigate his case, (2) he has been threatened by officers in administrative segregation that he will not be allowed access to legal assistance, (3) Defendant Strayhorn has threatened on an almost daily basis that if Plaintiff does not drop his lawsuit, Defendant Strayhorn will have Plaintiff attacked when

he goes back to the yard, (4) most of his legal work and legal text books were stolen or thrown away upon his arrival in administrative segregation, and (5) Plaintiff has only a 9.0 grade point average ("GPA")[1]. ECF No. 39. Additionally, he contends that the issues in the case have become complex and will require significant research and investigation. Id. He believes that counsel would be better able to present evidence and cross-examine witnesses at trial. Id.

## I. LEGAL STANDARD

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). In *pro se* and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989). They do, however, have discretion pursuant to 28 U.S.C. § 1915(e)(1) to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## II. DISCUSSION

### A. Likelihood of Success on the Merits

Plaintiff's motion for appointment of counsel does not address likelihood of success and offers no evidence beyond Plaintiff's assertion that the issues presented are "complex." Bald assertions that claims are meritorious without any supporting evidence

---

[1] The Court is uncertain of what GPA scale Plaintiff is referring to, but Plaintiff appears to imply that this number is low.

fail to satisfy the first factor of the *Wilborn* test. Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (concluding likelihood of success not shown where the plaintiff did not present any evidence other than his own assertions to support his claims). At this stage of the case, the Court has only the pleadings before it and, thus, is unable to make a determination of the strength of Plaintiff's case. Without any evidence supporting a likelihood of success on the merits, Plaintiff has not satisfied the first *Wilborn* factor.

### B. Plaintiff's Ability to Articulate His Claims

Where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to adequately articulate his claims, he does not demonstrate exceptional circumstances to warrant appointing counsel. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The Court has reviewed Plaintiff's Second Amended Complaint and other pleadings and finds that the issues he raises are not complex. Plaintiff is very articulate and the Court understands the factual basis for Plaintiff's claims and the relief sought. Plaintiff has demonstrated that he has a good grasp of litigation procedure, as evidenced by his pleadings, motions, and other submissions.

With regard to Plaintiff's specific concerns, the Court finds that these issues do not sufficiently impair Plaintiff's ability to articulate his claims going forward. For instance, the Court finds that appointment of counsel is not necessary to address Plaintiff's allegations about being denied access to legal research materials and being limited in his ability to litigate his case while he is in administrative segregation because the Court has addressed these concerns in separate orders. Specifically, the Court recently granted Plaintiff a significant extension of time in which to conduct fact discovery. ECF No. 42. The Court also ordered Defendants to arrange a meet and confer with Plaintiff regarding his outstanding interrogatories and the Court set a briefing schedule, should the parties be unable to resolve their dispute. ECF No. 37.[2]

---

[2] Plaintiff's claim that his legal work was taken when he was moved to administrative segregation is an issue Plaintiff should raise first within the prison grievance system.

To the extent Plaintiff suggests that he has a low GPA and may not be able to handle the research and investigation required by this case, the Court finds that Plaintiff's impressively well-written and supported filings belie his claim that he is not mentally up to the task of prosecuting his case. See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995), as amended (May 24, 1995) (quoting Terrell, 935 F.2d at 1017) (upholding district court's denial of appointment of counsel where the plaintiff "demonstrated sufficient writing ability and legal knowledge to articulate his claim"). Plaintiff obtained and filed eight sworn witness declarations in support of his Second Amended Complaint, as well as medical records and relevant inmate grievances. ECF No. 31. He has demonstrated a good understanding of relevant constitutional and legal provisions in evaluating his pleadings and Defendants' motion to dismiss. Recently, he argued successfully for leave to amend his complaint as well as for an extension of the fact discovery cutoff. ECF Nos. 27, 41. These examples all demonstrate Plaintiff's ability to navigate civil litigation and effectively articulate his claims.

On a final note, Plaintiff asserts that one of the defendants continues to threaten him with harm. While this is a serious allegation, it is not one likely to be remedied by the appointment of counsel. Plaintiff's safety on the yard is not something an attorney would be able to ensure from the outside. Moreover, safety issues simply are not one of the factors considered by the *Wilborn* test.

In sum, the Court finds that Plaintiff is sufficiently able to articulate his claims *pro se*, given the complexity of the issues involved. The second *Wilborn* factor is not satisfied.

///
///
///
///
///
///

### III. CONCLUSION

For the foregoing reasons, the Court finds that "exceptional circumstances" warranting appointment of counsel under 28 U.S.C. § 1915(e)(1) do not exist in this case. Accordingly, Plaintiff's request for appointment of counsel is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 27, 2017

Hon. Nita L. Stormes
United States Magistrate Judge