UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAYNO CRUMB,<br><br>         Plaintiff,<br><br>v.<br><br>M. HASSELBLAD, et al.,<br><br>         Defendants. | Case No.: 16cv581-BTM (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>**[ECF No. 46]** |

On November 6, 2017, Plaintiff Frayno Crumb constructively filed a motion to compel Defendants M. Hasselblad and D. Strayhorn to fully respond to the first sets of interrogatories he served on them. ECF No. 46. The Court ordered the parties to meet and confer on the issues raised in the motion but the parties were unable to come to a resolution. ECF No. 47. Defendants filed their opposition and Plaintiff filed his reply. ECF Nos. 49, 50. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to compel.

**I. Background**

Plaintiff Crumb is incarcerated at the R. J. Donovan State Prison. He is proceeding *pro se* and *in forma pauperis* and has filed a civil complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges civil rights violations against Defendants Hasselblad and

Strayhorn for violating his Eighth Amendment right to be free from cruel and unusual punishment arising from a physical altercation that took place on January 27, 2015. ECF No. 31. Specifically, Plaintiff alleges that, while waiting in line to be escorted back to his cell block after receiving his morning medication, Defendant Strayhorn instigated a physical encounter with him after he refused to engage with Hispanic inmates after they called Defendant Strayhorn a racial slur. *Id.* at 11-14. Plaintiff alleges that Defendants proceeded to assault him even though he was in handcuffs until other officers pulled them off of him. *Id.* at 14. Plaintiff alleges that excessive force was used against him and resulted in several injuries on his body. *Id.* at 14-19.

## II. Legal Standard

Federal Rule of Civil Procedure 33 permits interrogatories on any topic within the scope of Rule 26, which sets forth the discovery scope as follows:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The party seeking to compel discovery has the burden of establishing that his request satisfies the relevancy requirements of Rule 26. *Bryant v. Ochoa*, No. 07-cv-200-JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). Once the party seeking discovery has established that his request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Id*. The Court is vested with broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

//

## III. Discussion

In Plaintiff's motion, he specifically seeks supplemental responses to Defendant Hasselblad's responses to Interrogatories (Set One), Nos. 1 (A, B, and C), 2[1], 3 (A and B), and 4 (A, B, and C) and Defendant Strayhorn's Responses to Plaintiff's Interrogatories (Set One), Nos. 1-11.[2,3,4]

### a. Interrogatories 1-4 as to Defendants Strayhorn and Hasselblad

Plaintiff seeks to compel Defendants Strayhorn and Hasselblad to fully respond to Interrogatories 1-4. These interrogatories generally seek similar information regarding grievances, investigations, reprimands, and lawsuits that have been filed against Defendants. Interrogatory 1 reads as follows:

> **INTERROGATORY NO. 1:**
> A. Since your employment at CDCR have you ever been 602 for any excessive force or misconduct?
> B. How many?
> C. What was the outcome of the 602's?

---

[1] Plaintiff requests that Defendant Hasselblad be ordered to fully respond to Plaintiff's Interrogatory (Set One), No. 2 (A, B, and C), but this interrogatory does not appear to have subparts. *See* ECF No. 46 at 13.

[2] On the first page of his motion, Plaintiff states that he requests Defendant Strayhorn to fully respond to interrogatories 1-11, ECF No. 46 at 1, but in his memorandum of points and authorities, he appears to have crossed out the 11 and has written that he is seeking responses to interrogatories 1-5. ECF No. 46 at 3. To err on the side of caution, the Court will address all 11 interrogatories as to Defendant Strayhorn.

[3] In his reply brief, Plaintiff makes references to his "request for documents"/"request for production of documents" and contends that out of his Requests 1-8, Defendants have only answered 1 and not 2-8. ECF No. 50 at 2, 4. However, Plaintiff's present motion only moved on his interrogatories, not any requests for production. The Court does not have any copies of these requests for production or any further information about them. Thus, the issues Plaintiff raised in his moving papers regarding the interrogatories are the only matters properly before the Court at this time.

[4] As a threshold issue, Plaintiff brings a timeliness argument for the first time in his reply brief. ECF No. 4-5. He argues that Defendants' objections are untimely and are, thus, waived. *Id.* First, the court need not consider arguments raised for the first time in a reply brief as it deprives the responding party an opportunity to respond. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Second, his exact argument is unclear as he confusingly discusses his requests for production in this argument, *see* ECF No. 50 at 2, 4, and does not clearly lay out what discovery was served when and what objections were received when. The Court declines to find Defendants' objections to the interrogatories waived as untimely and will instead address them on the merits.

**RESPONSE TO INTERROGATORY NO. 1:**
A. Objection. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is vague and ambiguous, is overly broad, and potentially seeks personal and confidential records.
B. Objection. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is vague and ambiguous, is overly broad,· and potentially seeks personal and confidential records.
C. Objection. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is vague and ambiguous, is overly broad, and potentially seeks personal and confidential records.

ECF No. 46 at 7.

Defendants argue that this interrogatory is too broad in that it covers 602 inmate appeals for any "excessive force or misconduct." ECF No. 49 at 3-4. Defendants argue that information about their conduct in other situations is not relevant to whether they used excessive force against Plaintiff in this case. *Id.* Defendants also contend that the interrogatory is too broad because it is not temporally limited. *Id.* Plaintiff argues that such information is relevant because he has alleged a pattern of mistreatment by Defendants and even though such evidence may not be admissible as character evidence under Federal Rule of Evidence 404(b), such evidence may be admissible for other purposes. ECF No. 50 at 7.

Some courts have found similar requests to be too broad and categorically denied motions to compel. *See, e.g.*, *Brook v. Carey*, 352 Fed. Appx. 184, 185-86 (9th Cir. 2009) (affirming district court denial of motion to compel "[a]ny and all grievances, complaints, or other documents received by the defendants . . . concerning mistreatment of inmates"); *Morris v. Nangalama*, No. 12-CV-1202-MCE, 2015 WL 3447427, at *2-6 (E.D. Cal. May 28, 2015) (denying motion to compel on any "602 staff complaint"); *Blue v. Grannis*, No. 05-cv-1256-GEB, 2007 WL 2758025, at *3 (E.D. Cal. Sept. 21, 2007) (denying motion to compel on "[a]ny and all grievances, such as, but not limited to: 'Inmate/Parolee Appeal 602's or civil rights Complaints within the past 5 years concerning the defendant's violation of a prisoner's Civil Rights'").

On the other hand, other courts have permitted such discovery after imposing certain limitations. Courts have recognized that such information may be used for purposes other than character evidence, for example to show bias or a pattern or practice of unprofessional behavior. *Taylor v. O'Hanneson*, No. 11-CV-00538-LJO, 2014 WL 2696585, at *5 (E.D. Cal. June 13, 2014); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 412 (C.D. Cal. 2005). Such courts permit some discovery into past complaints by narrowing the complaints to the same defendants, to similar claims as being asserted in the lawsuit, and with a time limitation. *See Taylor*, 2014 WL 2696585, at *5 ("Defendants may tailor their production to include only documents regarding allegations brought against them, within the five years preceding the events in question in this action, by others to claims similar to the excessive force claim upon which Plaintiff proceeds in this action."); *see also Hamilton v. Quinonez*, No. 14-cv-1216-LJO, 2015 WL 3660138, at *3-6 (E.D. Cal. June 10, 2015) (limiting responses to interrogatories to grievances related to the specific defendant, within three years, and related to inmate assaults and failures to protect).

The Court agrees that, as written, the interrogatory is too broad. While Plaintiff's causes of action against Defendants are for excessive force only, the interrogatory covers all other "misconduct" as well. Furthermore, the interrogatory is not limited in time and inmate 602 appeals that are too removed in time may be of limited relevance. However, the Court finds that the latter approach of ordering more tailored discovery is the right approach in this case. Though this evidence may not be used to show Defendants' character, discovery is not limited to admissible evidence and such evidence may be used for other permissible purposes or may lead to other admissible evidence. Construing Plaintiff's complaint liberally, as the Court must, he does allege that Defendant Strayhorn has exhibited similar behavior in the past and alleges that there is a culture that permits such behavior at the prison. ECF No. 31 at 14-15, 20.

Thus, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to compel as to Interrogatory No. 1. Defendants Strayhorn and Hasselblad must provide a

5

16cv581-BTM (NLS)

complete response to this interrogatory involving inmate 602 appeals made directly against them, limited to similar accusations of excessive force, and time-limited to a period of three years prior to the incident at issue in January 2015. If Defendants contend that their response will necessarily require disclosure of confidential information of other inmates, guards, or other prison personnel, they may redact information as needed to protect the privacy of others.

Interrogatories 2 and 3 read as follows:

**INTERROGATORY NO. 2:**
Have you ever been investigated by any Lts., Captains, Warden, or Internal Affairs?

**RESPONSE TO INTERROGATORY NO. 2:**
Objection. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is vague and ambiguous, is overly broad, and potentially seeks personal and confidential records.

**INTERROGATORY NO. 3:**
A. Have you ever been reprimanded or investigated?
B. How many times?

**RESPONSE TO INTERROGATORY NO. 3:**
A. Objection. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is vague and ambiguous, is overly broad, and potentially seeks personal and confidential records.
B. Objection. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is vague and ambiguous, is overly broad, and potentially seeks personal and confidential records.

ECF No. 46 at 7-8.

Defendants make similar arguments that Interrogatories 2 and 3 are overbroad. ECF No. 49 at 4-5. Defendants contend that these two interrogatories are even broader because they do not contain any limitation as to what kind of investigations they would cover and could include employment issues unrelated to Plaintiff's allegations against Defendants. *Id.* The Court agrees that the scope of these requests needs to be tailored under a similar approach as for Interrogatory 1. The Court **GRANTS IN PART** and

**DENIES IN PART** Plaintiff's motion to compel as to Interrogatories No. 2 and 3. Defendants Strayhorn and Hasselblad must provide a complete response to these interrogatories involving reprimands and investigations made against them, limited to similar accusations of excessive force, and time-limited to a period of three years prior to the incident at issue in January 2015. If Defendants contend that their response will necessarily require disclosure of confidential information of other inmates, guards, or other prison personnel, they may redact information as needed to protect the privacy of others.

Finally, Interrogatory 4 is substantially similar to Interrogatory 1, but seeks information related to lawsuits rather than inmate 602 appeals.

> **INTERROGATORY NO. 4:**
> A. Have you ever been sued for excessive force or any misconduct?
> B. How many times?
> C. What was the outcome of the suits?
>
> **RESPONSE TO INTERROGATORY NO. 4:**
> A. Objection. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is vague and ambiguous, is overly broad, and potentially seeks personal and confidential records.
> B. Objection. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is vague and ambiguous, is overly broad, and potentially seeks personal and confidential records.
> C. Objection. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is vague and ambiguous, is overly broad, and potentially seeks personal and confidential records.

ECF No. 46 at 8.

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to compel as to Interrogatory No. 4. Defendants Strayhorn and Hasselblad must provide a complete response to this interrogatory involving lawsuits naming them as defendants, involving similar accusations of excessive force, and time-limited to a period of three years prior to the incident at issue in January 2015. If Defendants contend that their response will necessarily require disclosure of confidential information of other inmates,

guards, or other prison personnel, they may redact information as needed to protect the privacy of others.

### b. Interrogatories 5-9 as to Defendant Strayhorn

Plaintiff also seeks to compel Defendant Strayhorn to fully respond to Interrogatories 5-9, which are reproduced below with Defendant Strayhorn's responses.

> **INTERROGATORY NO. 5:** On the day of the incident did Lt. Allamby have to come out of the program office and pull you off me?
> **RESPONSE TO INTERROGATORY NO. 5:** No.
>
> **INTERROGATORY NO. 6:** Did you get mad at me because other races were calling you niggers, and you wanted me to assault them, because I was Black too.
> **RESPONSE TO INTERROGATORY NO. 6:** No.
>
> **INTERROGATORY NO. 7:** Did you assault me because I wouldn't do what you wanted me to do?
> **RESPONSE TO INTERROGATORY NO. 7:** I did not assault you.
>
> **INTERROGATORY NO. 8:** Is it policy to not get on a personal level with an inmate, and that you were willing to disregard this policy?
> **RESPONSE TO INTERROGATORY NO. 8:** Staff should treat inmates with courtesy and respect, but generally avoid forming personal relationships. I did not disregard this policy.
>
> **INTERROGATORY NO. 9:** Did you attempt to get me to assault a Hispanic inmate for calling you a House Nigger?
> **RESPONSE TO INTERROGATORY NO. 9:** No.

ECF No. 46 at 8-9. The Court finds that Defendant Strayhorn has provided full answers to these interrogatories. Thus, Plaintiff's motion to compel further response to Interrogatories 5-9 is **DENIED**.

### c. Interrogatories 10-11 as to Defendant Strayhorn

Plaintiff also seeks to compel Defendant Strayhorn to fully respond to Interrogatories 10 and 11, which are reproduced below with Defendant Strayhorn's responses.

> **INTERROGATORY NO. 10:**
> A: After you assaulted Plaintiff why didn't you get him any medical attention?

8

B: Is it policy when an inmate is down and hurt or bleeding from a injury you get him medical attention?

**RESPONSE TO INTERROGATORY NO. 10:**
A. Defendant will respond.
B. Defendants will respond.

**INTERROGATORY NO. 11:**
A: Were you given IST training by your superiors for your involvement in this incident?
B: What is IST training?

**RESPONSE TO INTERROGATORY NO. 10:**
A. Defendant will respond.
B. Defendants will respond.

ECF No. 46 at 9; ECF No. 50 at 15. Defendant Strayhorn has not objected to these interrogatories on any grounds, but has failed to provide a full response. *See* Fed. R. Civ. P. 33(b)(3). The Court **GRANTS** Plaintiff's motion to compel further responses and orders Defendant Strayhorn to provide a full, substantive response to these two interrogatories.

## IV. Conclusion

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to compel. Within 30 days of this order, Defendants Strayhorn and Hasselblad must provide responses to Plaintiff's interrogatories in accordance with the rulings as set forth above in this order.

**IT IS SO ORDERED.**

Dated: January 22, 2018

Hon. Nita L. Stormes
United States Magistrate Judge